**XIANG LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondents.**

**No. 04–6426–ag.**

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Karen Jaffe, New York, NY, for Petitioner.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN and Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Xiang Lin, a citizen of China, appeals from the BIA's order affirming Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa's order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun*

mer Attorney General John Ashcroft as the respondent in this case.

*Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Lin's counsel, Karen Jaffe, filed a petition for review with this Court claiming that Lin has a well-founded fear of persecution. Jaffe does not, however, challenge the IJ's findings with regard to the following: (1) Lin's failure to show that she suffered past persecution; (2) Lin's failure to establish a nexus between her practice of Falun Gong and the police visits to her house (3) Lin's failure to corroborate her claims; and (4) Lin's failure to show her eligibility for withholding of removal and CAT relief. Due to Jaffe's utter failure to address any of these dispositive issues in her brief, we consider them waived, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005), and see no reason to disturb the agency's determination.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Lin's pending motion for a stay of removal in this petition is DENIED as moot.